UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC, | CASE NO. C20-694 MJP |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS AND MOTION FOR EXTENSION |
| v. | |
| ROBOJAP TECHNOLOGIES LLC, et al., | |
| Defendants. | |

This matter comes before the Court on Defendants Anuj Sharma's, Hitesh Kumar Sachdeva's, Sukhmeet Singh Bains', and Gureen Pawar's Motion to Dismiss (Dkt. No. 25) and Motion for Extension (Dkt. No. 47). Having reviewed the Motions, the responses (Dkt. Nos. 37, 49), the replies (Dkt. Nos. 45, 51), and all supporting materials, the Court GRANTS the Motion to Dismiss and Motion for Extension.

**BACKGROUND**

Plaintiff Amazon.com Inc. alleges that Defendants have used its trademarks to dupe people into buying unnecessary tech support for Amazon products. (Complaint (Dkt. No.1).)

Amazon pursues claims for trademark infringement, false designation of origin, sponsorship, approval, or association and false advertising, trademark dilution, and cybersquatting. (Id.) Relevant to the pending Motions, Amazon has sued the Quatic Software Solutions Pvt. Ltd. and its directors, Defendants Sharma, Sachdeva, Bains, and Pawar. The Court refers to these individuals as the Director Defendants. The Director Defendants are all residents of India, none of which has visited the United States. (Declaration of Sukhmeet Singh Bain Decl. ¶ 4 (Dkt. No. 26); Declaration of Gureen Pawar Decl. ¶ 4 (Dkt. No. 27); Declaration of Hitesh Kumar Sachdeva Decl. ¶ 4 (Dkt. No. 28); Declaration of Anuj Sharma Decl. ¶ 4 (Dkt. No. 29).) Their company, Quatic, is an Indian company with its principal place of business in India. (Compl. ¶ 9; Declaration of Prateek Sharma ¶ 4 (Dkt. No. 41).) Quatic has not disputed personal jurisdiction.

      Amazon's Complaint makes only one specific allegation as to each Director Defendant's participation in the acts at issue: "On information and belief, [each Director] is directly liable to Amazon for the damages alleged in this Complaint based on [their] personal participation in the alleged activities." (Compl. ¶¶ 10-13.) The Complaint also alleges as an alternative theory of liability that each Director "had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct." (Id.) These allegations are made in the "Parties" section of the Complaint, while no allegations specific to the Director Defendants are made in the "Jurisdiction" section.

      Amazon has submitted an investigator's declaration stating that Quatic operates a call center in Punjab India, which employs 15-20 persons. (P. Sharma Decl. ¶ 9.). Amazon alleges that Quatic maintains a number of websites registered through NameCheap, Inc., a U.S. domain registrar. (Compl. ¶¶ 42-44.) Amazon points to Sachdeva admission that he initiated payments to NameCheap for "various websites owned by Quatic and hosted by Namecheap." (Sachdeva

Decl. ¶ 8.) Sachdeva made payments using his Quatic company credit card and the invoices were sent to Sachdeva as Director of Quatic. (Id. ¶¶ 9-10, Ex 1.) Amazon also notes that Defendant Robojap Technologies LLC—a Washington-based company—purports to be Quatic's manager. (Singh Answer ¶ 8 (Dkt. No. 24).) And Amazon provides materials showing that Quatic has distributed apps through Google's U.S.-based application platform and the email associated with the use of Google and other websites is linked to Defendant Sachdeva. (Declaration of Tim Cunningham Exs. A and B.)

The Director Defendants declare that any involvement they may have had in the acts alleged against Defendants was through their positions as agents of Quatic, not in their personal capacity. (Sachdeva Decl. ¶¶ 5-6; Bain Decl. ¶¶ 5, 8; Pawar Decl. ¶¶ 5-7; A. Sharma Decl. ¶¶ 5, 8.) They each aver that "[m]y business partners and I maintain a distinction between our own personal activities and the activities of Quatic." (Sachdeva Decl. ¶ 16; A. Sharma Decl. ¶ 9; Bain Decl. ¶ 9; Pawar Decl. ¶ 11.) Each Director says that he did not speak with any of the investigators that Amazon retained and whose actions are recited in the Complaint. (Sachdeva Decl. ¶ 18; A. Sharma Decl. ¶ 8; Bain Decl. ¶ 7; Pawar Decl. ¶ 12.)

The Director Defendants do not specifically deny that they engaged in any of the conduct alleged against "Defendants." Throughout its complaint, Amazon largely refers to Defendants without differentiation as to the seven named defendants. As both Bain and Sharma note that "Amazon makes no statement regarding any actions I have taken that warrant me being named as a Defendant in its lawsuit." (Bain Decl. ¶ 6; A. Sharma Decl. ¶ 6.) Further, Pawar denies that he personally owns any of the websites at issue. (Pawar Decl. ¶¶ 6-7.) And Sachdeva avers that neither he nor any of his business partners personally owns any of the websites that may be associated with their names or email addresses. (Sachdeva Decl. ¶¶ 6-7.) Sachdeva admits he

purchased and renewed ownership of various websites at issue in this case through Namecheap, but that he used his company credit card to do so as a director of Quatic. (Sachdeva Decl ¶¶ 8-14.) Sachdeva also denies having made a website called "quatic-software-solutions.business.site" and did not use his personal email associated with any of the websites at issue—just his business email. (Sachdeva Decl. ¶¶ 19-20.)

## ANALYSIS

### A.  Standard of Review

In opposing a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. Boshcetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008). Where, as here, Defendants' motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1127 (9th Cir. 2010) (internal quotation marks omitted).

While Amazon cannot "simply rest on the bare allegations of its complaint," the uncontroverted allegations in the complaint must be taken as true. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) (quotation and citation omitted). If the allegations are contested, the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1073 (9th Cir. 2011) (quotation and citation omitted). But the Court resolves factual disputes in the plaintiff's favor. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006).

### B.  Personal Jurisdiction Framework

Whether there is personal jurisdiction turns on the federal long arm statute in Rule 4(k)(2) because the claims here arise under federal law. See Holland Am. Line Inc. v. Wartsila N. Am.,

Inc., 485 F.3d 450, 461 (9th Cir. 2007). Plaintiff bears the burden of showing that: (1) defendants are not subject to general jurisdiction in any state, and (2) the exercise of jurisdiction is consistent with due process. See id. It is uncontested that none of the Director Defendants has been to the United States, so none is subject to general jurisdiction. At issue in the Motion to Dismiss is whether exercising personal jurisdiction is consistent with due process.

Personal jurisdiction comports with due process if the Directors have "minimum contacts [with the United States] such that jurisdiction does not offend traditional notions of fair play and substantial justice.'" Pebble Beach, 453 F.3d at 1155 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 315 (1945)). Amazon bears the burden to prove minimum contacts exist as follows:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

CollegeSource, 653 F.3d at 1076 (quotation omitted).

If Amazon meets its burden, the Directors may avoid jurisdiction if they "set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." CollegeSource, 653 F.3d at 1076 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476–78 (1985)).

**1.      Purposeful Direction**

Because this action sounds in tort, the "effects test" applies and requires purposeful direction in the United States. CollegeSource, 653 F.3d at 1077. Amazon must show that each Director Defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Id. (citation and quotation omitted).

1        Amazon has not demonstrated purposeful direction because it has not shown any
2 intentional acts of each Director Defendant sufficient to meet its burden. Amazon only alleges
3 that "On information and belief, [each Director] is directly liable to Amazon for the damages
4 alleged in this Complaint based on [their] personal participation in the alleged activities."
5 (Compl. ¶¶ 10-13.) This is as much a legal conclusion as a factual allegation. And there are
6 virtually no other allegations as to what act each Director undertook or directed—rather there are
7 undifferentiated allegations as to all seven Defendants. At most, Amazon alleges that Sachdeva's
8 email address is associated with some of the websites at issue. But there are no allegations he
9 undertook any specific act in the alleged infringement scheme. Amazon is "simply resting on the
10 bare allegations of its complaint," which is inadequate. See Schwarzenegger, 374 F.3d at 800.
11 Amazon tries to avoid this fate by claiming that the Director Defendants failed to controvert the
12 allegation of personal participation. But as the Bain and Sharma note, Amazon's complaint fails
13 to provide any specific allegations on this issue to refute. (See, e.g., Bain Decl. ¶ 6 & Sharma
14 Decl. ¶ 6.) The Court finds the allegations in the Complaint far from sufficient to show
15 purposeful direction.
16        The materials Amazon has provided outside of the Complaint also fail to show
17 purposeful direction. Generally, a court may find "a corporate officers' contacts on behalf of a
18 corporation sufficient to subject the officer to personal jurisdiction where the officer is a primary
19 participant in the alleged wrongdoing or had control of, and direct participation in the alleged
20 activities." Allstar Mktg. Grp., LLC v. Your Store Online, LLC, 666 F. Supp. 2d 1109, 1120
21 (C.D. Cal. 2009) (quotation and citation omitted)). The materials Amazon provides do not show
22 that any of the Director Defendants is a "primary participant" in the alleged wrongdoing or
23 directly participated in it. True, Sachdeva used his company credit card to purchase and/or renew
24

some of the web domains at issue through NameCheap and his email appears associated with some of the websites at issue. But Amazon does not point to any allegation or evidence that Sachdeva was a primary participant in the infringement scheme or that he directly participated in it. For example, there are no allegations or evidence that Sachdeva developed the websites at issue or directed their development in furtherance of the alleged misconduct. As Amazon admits, the Court cannot exercise personal jurisdiction over the Director Defendants merely because of their employment with Quatic. (Dkt. No. 37 at 18.) But this is all Amazon's has shown. And it is inadequate to find purposeful direction and, therefore, personal jurisdiction.

### 2. Claims Arising out of Defendants' Forum-Related Activities and Reasonableness

Consistent with the analysis above, the Court also finds that Amazon has not alleged or provided facts showing that its claims arise out of the forum-related activities specific to each Director Defendant. Thus the Court does not find that exercising personal jurisdiction over the Director Defendants would be reasonable and in compliance with due process.

### C. Jurisdictional Discovery

Amazon asks the Court to grant jurisdictional discovery if it finds personal jurisdiction lacking. Where a "[p]laintiff's showing of jurisdictional facts is attenuated" the Court can determine "that it is in the interest of justice to grant Plaintiff's request for a period of limited discovery into the question of personal jurisdiction." See MTACC, Inc. v. New York State Dep't of Fin. Servs., 2015 WL 300778, at *9 (W.D. Wash. Jan. 21, 2015). The Court does not find jurisdictional discovery appropriate on the record before it. Amazon's allegations are conclusory and despite its investigatory efforts in India and the United States, it has not provided a colorable basis for personal jurisdiction to exist. The Court declines the request for such discovery.

**D.     Motion to Extend Deadlines**

The Director Defendants have filed a Motion asking the Court to extend the deadline for their responses to interrogatories and requests for production until two weeks after the Court rules on the Motion to Dismiss. The Court finds good cause to grant this request given its conclusion as to the lack of personal jurisdiction and GRANTS this Motion. The deadline for responses to this discovery shall be due 14 days from the date of this Order.

## CONCLUSION

Amazon has not provided sufficient allegations and evidence to support the Court's exercise of personal jurisdiction over the Director Defendants. The Court GRANTS the Motion to Dismiss as to each Director Defendant and declines Amazon's request for jurisdictional discovery. The Court GRANTS the Director Defendants' Motion for Extension—the discovery answers shall be due 14 days from the date of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 21, 2020.

Marsha J. Pechman
United States District Judge