1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  AMAZON.COM INC,                          CASE NO. C20-694 MJP

11              Plaintiff,                    ORDER DENYING STIPULATED
                                              MOTION TO AMEND CASE
12       v.                                   SCHEDULE

13  ROBOJAP TECHNOLOGIES LLC, et
    al.,
14
                Defendants.
15

16      This matter comes before the Court on the Parties Joint Status Report and Stipulated

17  Motion to Amend Case Schedule. (Dkt. No. 55.) Having reviewed the Motion and all supporting

18  maters, the Court DENIES the request to amend the case schedule without prejudice.

19      Rule 16 provides that a scheduling order "may be modified only for good cause and with

20  the judge's consent." Fed. R. Civ. P. 16(b)(4); Local Rule 16(b)(6). "Rule 16(b)'s 'good cause'

21  standard primarily considers the diligence of the party seeking the amendment." Johnson v.

22  Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify

23  the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the

24

extension.'" Id. (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." Local Rule 16(b)(6).

The parties ask the Court to extend the trial date and all case deadlines by six months because they claim to need "additional time to conduct discovery and file dispositive motions (if any)." (Dkt. No. 55 at 3.) The additional time is sought to accommodate the depositions of Pawar and Sachdeva which have had to be rescheduled from April to May due to each witnesses' positive COVID-19 test. The need to conduct these depositions after the expert deadline but before the close of discovery does not justify the proposed case schedule changes, two of which have already passed (joinder and filing amended pleadings). On the record before the Court, the parties have failed to show good cause to justify the wholesale case schedule changes proposed.

Should the parties determine to file a renewed motion to amend the case schedule, they should be aware that without changing the December 6, 2021 trial date the Court can accommodate an extension of up to 5 weeks of the expert report deadline under Rule 26(a)(2), the discovery motion deadline, the discovery deadline, and the dispositive motion deadline. Based on the Court's review of the Motion, a limited extension of these deadlines would adequately accommodate the deposition-related delay the parties have identified.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 11, 2021.

Marsha J. Pechman
United States Senior District Judge