The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware corporation,

    Plaintiff,

v.

ROBOJAP TECHNOLOGIES LLC, a Washington limited liability company; SANDEEP SINGH, an individual; QUATIC SOFTWARE SOLUTIONS PVT. LTD., a foreign company; ANUJ SHARMA, an individual; HITESH KUMAR SACHDEVA, an individual; SUKHMEET SINGH BAINS, an individual; and GUREEN PAWAR, an individual,

    Defendants.

No. 20-cv-00694-MJP

PLAINTIFF AMAZON.COM, INC.'S PREPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO AMAZON'S MOTION FOR LEAVE TO AMEND COMPLAINT

AMAZON.COM, INC.'S PREPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO AMAZON'S MOTION FOR LEAVE TO AMEND COMPLAINT - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Throughout this litigation, Amazon has diligently pursued discovery, despite facing significant obstacles from the defendants. Upon discovering that two previously dismissed defendants, Hitesh Kumar Sachdeva ("Kumar") and Gureen Pawar ("Pawar") (collectively, the "Directors"), were primary participants in the scheme alleged in the Complaint, Amazon moved for leave to amend its Complaint. Because amendment is proper, and the Directors have failed to meet their heavy burden to show that the amendment is not warranted, the Court should grant Amazon's Motion for Leave to file the First Amended Complaint. ("Motion," Dkt. #63).

## II. ARGUMENT

Kumar and Pawar have failed to carry their burden to show amendment is not warranted. *See Johnson v. Marriott Int'l Inc.*, 2017 WL 1957071, at *3 (W.D. Wash. May 11, 2017) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). Good cause exists for extending the joinder deadline, and the five *Allen* factors support granting Amazon leave to amend the Complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).[1]

### A. Federal Rules of Civil Procedure 59 and 60 do not apply.

The Directors first argue that Amazon's Motion is procedurally improper, and because the Court entered an Order dismissing them from the case, ("Order," Dkt. 52), the standards under Federal Rules of Civil Procedure 59 or 60 apply. Response in Opposition to Plaintiff's Motion for Leave to Amend, Dkt. #65 at 2. The Directors are wrong for three reasons. First,

---

[1] The Directors contend that Amazon *only* requested the Court amend the joinder deadline—not the deadline for amending pleadings—and that "in the Ninth Circuit," parties must specifically seek amendment of each deadline, relying on *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Dkt. #65 at 5. But Amazon did not move for an order modifying *only* the joinder deadline; it generally moved for an order to "amend the Court's Order Setting Trial Date and Related Dates." Dkt. #63 at 5. The fact that Amazon's argument specifically referenced only one of the affected deadlines is irrelevant. *See Griffin v. Espinda*, 478 F. App'x 440 (9th Cir. 2012). And *Johnson* only remarked that courts do not err by refusing a treat a motion to amend a complaint as a *de facto* motion to modify a scheduling order. 975 F.2d at 608-09. Here, there is no dispute Amazon moved to amend *and* modify the scheduling order, and cited and briefed both standards. *See* Dkt. #63 at 5-6.

AMAZON.COM, INC.'S PREPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO AMAZON'S MOTION FOR LEAVE TO AMEND COMPLAINT - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the Court's prior Order was not a "final" adjudication triggering Rules 59 or 60. Second, Amazon does not seek "reconsideration"; it presents a new motion with new factual allegations. Third, even if Amazon did seek "reconsideration," nothing prevents the Court from reconsidering its prior interlocutory order.

Federal Rules of Civil Procedure 59(e) and 60 apply to "reconsideration of a *final* judgment." *Steele v. Comm'r of Soc. Sec.*, 2018 WL 4144436, at *1 (E.D. Cal. Aug. 30, 2018) (emphasis added). The Court's prior Order dismissing the Directors as parties did not end this litigation; Amazon's claims against the three co-defendants survived.[2] *See* Fed. R. Civ. P. 54(b). No judgment has been entered in this case, making the proper standard, as outlined in Amazon's Motion, the good faith standard under Rule 16(b). *See also Bolling v. Gold*, 2015 WL 2406487, at *4 (W.D. Wash. May 19, 2015) (granting motion to amend to add claims after previous dismissal and referencing the holding in *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607–08 (9th Cir. 1992) (noting review of a motion to amend "is governed by Rule 15(a) prior to the expiration of the court's scheduling deadline for amended pleadings and *governed Rule 16(b) after the expiration of the deadline*.") (emphasis added).

More fundamentally, Amazon is not asking the Court to reconsider its prior Order dismissing Kumar and Pawar because that Order considered personal jurisdiction based on the allegations in the *original Complaint*. Here, Amazon asks the Court to allow it to amend to add *new allegations*—an issue never previously considered. Unsurprisingly, then, the Directors cite no authority supporting the idea that a motion to amend a complaint to add previously-dismissed defendants arises under Rule 59 or 60.

Finally, even if Amazon were asking the Court to reconsider its prior Order (and it is not), nothing would prevent the Court from doing so. *See City of L.A. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) (noting court's authority to modify interlocutory

---

[2] Even as to the Directors themselves, the Court's Order dismissing the Directors for lack of personal jurisdiction did not foreclose future litigation. The Court did not order that dismissal **with prejudice**, because "dismissals for…lack of personal jurisdiction must be without prejudice." *Fiorani v. Berenzweig*, 441 F. App'x 540, 541 (9th Cir. 2011).

AMAZON.COM, INC.'S PREPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO AMAZON'S MOTION FOR LEAVE TO AMEND COMPLAINT - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

orders). As a result, if the Court believes Amazon has met the standard for amendment, it can grant Amazon's Motion regardless of its prior Order.

### B.  Good Cause Exists Under Rule 16(b) to Modify the Scheduling Order.

Amazon's Motion showed that good cause exists to modify the Court's scheduling order because (1) it could not have reasonably met the original joinder deadline; and (2) it has diligently pursued discovery throughout this case. Dkt. #63 at 17. In opposition, the Directors do not dispute that Amazon could not have reasonably met the original deadlines, but they claim good cause does not exist because Amazon did not diligently pursue the deposition testimony which it relies on in its Motion, despite "red flags," i.e., despite the fact that Amazon knew that it had potential claims against Pawar and Kumar. Dkt. #65 at 5. Specifically, the Directors allege Amazon "should have pursued its additional discovery regarding its allegations against [Kumar and Pawar] after the dismissal in December 2020," and instead "delayed three months" until March 2021 to depose Quatic Software Solutions Ltd. ("Quatic"). Dkt. #65 at 5.

But the Directors nowhere dispute the factual evidence that Amazon *did* pursue discovery both before and after the December 2020 dismissal, as well as during the entire "three months" the Directors complain about. The Cunningham Declaration describes Amazon's persistent attempts to obtain discovery and meaningfully confer with counsel to obtain proper productions. Amazon issued discovery (including against Pawar and Kumar) in *August 2020*. Dkt. #64 ¶ 3. Then, beginning on November 3, 2020—before the Court dismissed Pawar and Kumar—Amazon initiated conferral attempts with defendants' counsel because the defendants' productions were insufficient. *Id.* ¶ 9. It took until February 2021 to actually confer, including several weeks where counsel for defendants ignored Amazon's conferral requests. *Id.* ¶¶ 10-12. After the February conferral, defendants supplemented their production on February 23, 2021, and Amazon then noticed Quatic's deposition on March 1— less than one week later. Dkt. #64 ¶¶ 13-17; Kasimov Dec. Ex. 1, Dkt. #68-1. During that entire time period, Amazon was attempting to obtain a complete document production *prior* to

AMAZON.COM, INC.'S PREPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO AMAZON'S MOTION FOR LEAVE TO AMEND COMPLAINT - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

deposing Quatic. This case is nothing like *WAG Acquisition, LLC v. Flying Crocodile, Inc.*, 2021 WL 2778578, *6-*7 (W.D. Wash. 2021), where the party seeking amendment delayed in even *seeking* discovery. The Directors dispute none of this, making their contention that Amazon delayed between December and March ring hollow.

### C. Amendment is Proper Under Rule 15(a).

The Directors further argue that the *Allen* factors do not support Amazon's leave to amend, but in doing so, highlight the flaws in their own arguments. *Allen*, 911 F.2d 367. In fact, the *Allen* factors all support granting Amazon leave to amend.

*First,* Amazon did not unduly delay in seeking the Court's leave to file its First Amended Complaint. Amazon discovered facts supporting the new allegations only in recent weeks, despite facing significant obstacles from the parties. The Directors' only response to this factor is that Amazon did not depose Pawar or Kumar in their individual capacities, a distinction without a difference; that Quatic implicated Pawar and Kumar does not change *when* Amazon learned the facts at issue.[3] The Directors do not dispute that defendants did not supplement their discovery responses until February 23, 2021, and that Amazon promptly noticed Quatic's deposition on March 1. That should end the inquiry.

*Second*, the purpose of Amazon's proposed amendment is to name additional defendants, and to add factual allegations to support Amazon's claims against those defendants. The Directors respond that they "acted within the scope of their employment" and that Amazon's intention is to "harass them personally." Dkt. #65 at 7. At bottom, the Directors' argument is that any attempt to assert personal liability against corporate directors who controlled and benefitted from infringement is improper "harassment." This argument misses the mark, because Pawar and Kumar are responsible for Quatic's conduct as corporate officers,

---

[3] The Directors' do not explain how Amazon should have deposed Kumar and Pawar in their personal capacities, but because the Court had dismissed them and denied jurisdictional discovery, Amazon's only option would have been to issue subpoenas through the Hague Convention, which would have taken significantly longer than the three month "delay" the Directors complain about for deposing Quatic.

AMAZON.COM, INC.'S PREPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO AMAZON'S MOTION FOR LEAVE TO AMEND COMPLAINT - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

who "may be held personally liable under Section 43(a) of the Lanham Act for using in commerce, in connection with services, a name that is likely to confuse." *Suarez Corp. Indus. v. Earthwise Techs., Inc.*, 636 F. Supp. 2d 1139, 1149 (W.D. Wash. 2008) (citation omitted); *see also, e.g. Wolf Designs, Inc. v. DHR Co.*, 322 F. Supp. 2d 1065, 1073 (C.D. Cal. 2004) (holding court has jurisdiction over individual defendants who are the "moving force" behind corporate infringement). Amazon is not harassing defendants, and in fact, complied with the Court's Order in refraining from conducting any jurisdictional discovery with the Directors. It was only through standard Rule 30(b)(6) depositions that Amazon learned of the Directors' personal involvement in the scheme.[4]

***Third***, the Directors cannot show prejudice, particularly because their entity, Quatic, of which they are two of four directors, has been actively involved in this litigation, and they do not explain how any defense they might raise differs from Quatic. The Directors claim they "will not have sufficient time to hold their own discovery" and "will not have time to present facts in preparation of their defense." Dkt. #65 at 8. But the Directors have been involved every step of the way of this litigation preparing a defense on behalf of Quatic. *See id.* at 3. Further, the Directors have not alleged what discovery they would conduct that has not already been conducted by Quatic. The newly-named Directors have had notice of this case for over a year; they were initially named as individual defendants, and they cannot be surprised that Amazon seeks to impose liability against them directly.

***Fourth***, the amendment is not futile. The Directors make the same argument made in their Motion to Dismiss, (Dkt. #25), months ago: that all the allegations "amount to actions taken within [defendants'] capacity as employees and officers of Quatic." Dkt. #65 at 9. But

---

[4] The Directors complain about the length and number of days of Quatic's 30(b)(6) deposition, Dkt. #65 at 8-9, but they do not contest that they *agreed* to have Pawar sit for a second day because he was unprepared. Their complaint about the length of time on the record, and the number of days, is also contrary to Rule 30(b)(6). The Rule contemplates 7 hours of "time occupied by the actual deposition," and contrary to their assertion that the Rule "only requires one" day of 30(b)(6) testimony, "[f]or purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition." Fed. R. Civ. P. 30 advisory committee's note to 2000 amendment.

AMAZON.COM, INC.'S PREPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO AMAZON'S MOTION FOR LEAVE TO AMEND COMPLAINT - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Amazon has since developed the facts of the case which now directly implicate Kumar and Pawar in the conduct alleged in the Complaint—precisely the "allegations or evidence that [the Directors] developed the websites at issue ***or directed their development*** in furtherance of the alleged misconduct" that the Court found lacking under the original Complaint. Dkt. #52 at 7.

In applying the "effects test," analysis, the Court ruled in its previous Order dismissing the Directors that "Amazon has not demonstrated purposeful direction because it has not shown any intentional acts of each Director Defendant sufficient to meet its burden." *Id*. at 6. Generally, a court may find "a corporate officers' contacts on behalf of a corporation sufficient to subject the officer to personal jurisdiction where the officer is a primary participant in the alleged wrongdoing or had control of, and direct participation in the alleged activities." *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1120 (C.D. Cal. 2009) (quotation and citation omitted)). The fact that a defendant takes actions on behalf of an entity does not mean that those actions cannot be considered as the individual's contacts with the forum state. *Id*. Amazon's First Amended Complaint alleges that Kumar and Pawar personally participated in the scheme by (among other things) operating Quatic's websites and applications, directing the creation of the infringing websites and applications, controlling the infringing content on the websites and applications, and managing the traffic to the websites and applications, which targeted U.S. customers.[5] Dkt. #63 at 10-11; Ex. A. Amazon has now alleged that the Directors "developed the websites at issue or directed their development in furtherance of the alleged misconduct." (Dkt. #52 at 7). Because Amazon can plausibly state claims against Pawar and Kumar, amendment is proper.

### III.     CONCLUSION

For the above reasons, the Court should grant Amazon's Motion for Leave to file the First Amended Complaint.

---

[5] The Directors again argue that Amazon's amended Complaint has not shown purposeful direction "towards Washington State and specifically targeted Washington State," Dkt. #65 at 11, but that remains an incorrect statement of the law. As the Court correctly observed in its order, for foreign defendants, the correct inquiry measures purposeful direction at the *United States*. *See* Dkt. # 52 at 5; *see also* Fed. R. Civ. P. 4(k)(2).

AMAZON.COM, INC.'S PREPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO AMAZON'S MOTION FOR LEAVE TO AMEND COMPLAINT - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  DATED this 23rd day of July, 2021.

2                                                      DAVIS WRIGHT TREMAINE LLP

3                                                      By  *s/ Tim Cunningham*
                                                           Bonnie E. MacNaughton, WSBA #36110
4                                                          Tim Cunningham, WSBA #50224
                                                           920 Fifth Avenue, Suite 3300
5                                                          Seattle, WA 98104-1610
                                                           Phone: (206) 622-3150
6                                                          Fax: (206) 757-7700
                                                           Email:   bonniemacnaughton@dwt.com
7                                                                   timcunningham@dwt.com

8                                                      *Attorneys for Plaintiff Amazon.com, Inc.*

AMAZON.COM, INC.'S PREPLY TO DEFENDANTS' RESPONSE IN
OPPOSITION TO AMAZON'S MOTION FOR LEAVE TO AMEND
COMPLAINT - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## **CERTIFICATE OF SERVICE**

I certify that on July 23, 2021, a copy of this pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record via the court's electronic filing system.

*s/ Tim Cunningham*
Tim Cunningham

AMAZON.COM, INC.'S PREPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO AMAZON'S MOTION FOR LEAVE TO AMEND COMPLAINT - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax