UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC,<br><br>              Plaintiff,<br><br>   v.<br><br>ROBOJAP TECHNOLOGIES LLC, et al.,<br><br>             Defendants. | CASE NO. C20-694 MJP<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on Plaintiff's Motion for Leave to File its First Amended Complaint. (Dkt. No. 63.) Having reviewed the Motion, Defendants' Opposition (Dkt. No. 65), the Reply (Dkt. No. 69), and all supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

**A.    Factual Background**

Plaintiff Amazon.com Inc. brings trademark dilution, infringement, cybersquatting, and Lanham Act claims against Robojap Technologies LLC, Sandeep Singh, and Quatic Software Solutions Pvt. Ltd. Amazon alleges Defendants have misused Amazon's trademarks and duped

Amazon customers into paying for unnecessary tech support for various Amazon products. Amazon's proposed amended complaint alleges that Robojap, a Washington LLC, manages Quatic, a company based in India, and that the two have developed websites and apps that falsely lead consumers to believe they need tech support for their Amazon devices. (Proposed First Amended Complaint (FAC) ¶¶ 1-5, 33 (Dkt. No. 63-1).) Through a variety of apps and websites that allegedly misuse Amazon's trademarks, Quatic and Robojap direct consumers to call Quatic's call center in India for tech support. (FAC ¶ 34-35, 37.) Quatic relies on Robojap to collect payment from American consumers, and the two companies share in the proceeds. (FAC ¶¶ 9, 34-36.)

The proposed amended complaint adds new factual allegations against two directors of Quatic, Gureen Pawar and Hitesh Kumar Sachdeva, and names them as defendants. This is not the first time Pawar and Kumar have been named as defendants. Amazon did so in its initial complaint, but the Court granted Pawar's and Kumar's motion to dismiss for lack of personal jurisdiction (along with claims against two other directors of Quatic). (See Order Granting Motion to Dismiss (Dkt. No. 52).) The proposed amended complaint attempts to cure the defects in the initial complaint by alleging with greater precision the nature and extent of Pawar's and Kumar's efforts to direct the activities of Quatic from India to deceive American consumers. (See FAC ¶¶ 33-37, 42-47, 51-53, 56, 59, 61-63, 70, 76, 90, 95.)

The Court briefly reviews the testimony that Pawar and Kumar gave as Rule 30(b)(6) witnesses of Quatic, which appears to be the genesis of the new allegations.

As Pawar testified, he approached Sandeep Singh, owner of Robojap and a prior acquaintance, to sell tech support services. (Dep. of Gureen Pawar as Rule 30(b)(6) witness for Quatic at 65-66 (Dkt. No. 64-5).) Pawar signed a contract on Quatic's behalf with Singh and

Robojap through which Quatic would provide call center staff and run digital marketing to generate traffic to Robojap's website and phone numbers, while Robojap collected payment from customers in the United States. (Id. at 62, 66, 97.) Pawar would then invoice Robojap for Quatic's services and share of the revenue. (Id. 314-18.) Pawar hired call center staff, including staff for a night shift created to take calls from customers in the United States. (Id. at 62.) In 2019, Pawar became aware that Robojap and Quatic were offering support for Amazon products, and he approved of the decision. (Id. at 119-120, 124.) But it was Kumar and another Quatic employee who decided to target Amazon products. (Id. at 119-120.) Pawar approved of advertisement purchases from Google to direct traffic to the websites at issue in this case, and he was aware that the digital marketing was focused on the United States. (Id. at 74-75, 104-05.) After Google suspended two applications Quatic developed with Amazon's trademarks, Pawar urged the other directors to focus on non-Amazon products. (Id. at 125-26, 189-90.) He did not convince the others but was content to see continued revenue generated from Quatic's Amazon-related tech support. (Id.)

      Kumar testified that he approved an employee's decision to provide tech support services for Amazon products in early 2019. (Deposition of Hitesh Kumar Sachdeva as Rule 30(b)(6) witness for Quatic at 41-42 (Dkt. No. 64-6).) Kumar gave permission to his employee to create an app and websites to drive traffic to Quatic's call center to target Amazon customers. (Id. at 102.) Kumar did not necessarily perform the underlying work, but he appears to have approved of the scheme to target Amazon customers. (See id. at 89, 110-11, 113-15, 163-64.) Kumar registered some of the websites at issue, including Robojap's website, and approved the registration of the others. (Id. 129-30, 136, 150-53, 158, 168, 189, 191, 198, 201, 204.) Kumar decided to advertise Quatic's telephone number on these websites and approved of his

employee's Google advertisement purchases targeting U.S. residents. (Id. 182, 122-25.) He also created an account with DocuSign and LogMeIn, which were designed to allow callers to engage Quatic's tech support services. (Id. at 84-85.)

Pawar and Kumar maintain that they testified only on behalf of Quatic about acts they undertook as directors for the business and not for any personal reason. (Declarations of Gureen Pawar and Hitesh Kumar Sachdeva (Dkt. Nos. 66, 67).)

**B.      Procedural Background**

Because Amazon's Motion implicates the existing case schedule, the Court briefly reviews it and other relevant procedural matters. In its September 2020 Scheduling Order, the Court set October 13, 2020 as the deadline for joinder of additional parties and October 22, 2020 as the deadline for amended pleadings. (Order Setting Trial Date and Related Dates (Dkt. No. 46).) On December 21, 2020, the Court then granted dismissal of the claims against Pawar, Kumar and two other Quatic directors, finding a lack of personal jurisdiction. (Order Granting Motion to Dismiss (Dkt. No. 52).) In May 2021, the Parties then sought an extension of a variety of deadlines, though not the amended pleading or joinder deadlines. (Dkt. Nos. 55, 58.) The Court then extended the expert report, discovery, discovery motion, and dispositive motion deadlines. (Dkt. No. 59.) Discovery ended on August 13, 2021, dispositive motions are due on September 13, 2021 and trial is set for December 6, 2021. (Id.; Dkt. No. 46.)

**ANALYSIS**

Amazon's Motion requires the Court to resolve whether Amazon has demonstrated: (1) good cause to obtain an extension of the case schedule under Rule 16; and (2) valid grounds to file an amended complaint under Rule 15. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). Before addressing the substantive issues, the Court addresses

1 | Defendants' Motion to Strike, which asks the Court to deny the Motion as being an improper
2 | motion for reconsideration or motion to alter, amend or seek relief from a judgment.

3 | **A.  Defendants' Motion to Strike**

4 | Defendants first argue that the Court should deny the Motion because under Local Rule
5 | 7(h) it is an untimely motion for reconsideration of the dismissal order. (Opp. at 1-2.) This
6 | argument lacks merit. Amazon's Motion does not ask the Court to reconsider its earlier decision
7 | dismissing Pawar and Kumar. The Court rendered that decision based on the allegations in the
8 | initial complaint. Amazon's Motion now asks the Court to allow amendment under Rules 15 and
9 | 16 based on new evidence obtained through discovery. Amazon's Motion does not ask for
10 | reconsideration and does not implicate the standard for reconsideration under Local Rule 7(h).

11 | Defendants then argue that Amazon should have invoked Rule 59 or Rule 60 as the basis
12 | for what Defendants believe to be a request to amend or alter or seek relief from a judgment. But
13 | both rules apply only to cases where a final judgment has been entered. Neither rule applies here
14 | because the order dismissing Pawar and Kumar was not a final judgment and the dismissal was
15 | without prejudice. See Grigsby v. CMI Corp., 765 F.2d 1369, 1372 (9th Cir. 1985) (noting that
16 | dismissal for lack of personal jurisdiction must be without prejudice). The Court thus DENIES
17 | Defendants' Motion to Strike.

18 | **B.  Good Cause to Amend the Case Schedule**

19 | Amazon has demonstrated good cause to allow its motion to amend after the joinder and
20 | amended pleading deadlines expired.

21 | To obtain an amendment to a scheduling order, the movant must demonstrate good cause.
22 | See Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the
23 | diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. "The district court

24 |

may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Fed. R. Civ. P. 16 Adv. Comm. Notes (1983 amendment). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). "Prejudice to the non-moving party, while not required under Rule 16(b)'s good cause assessment, can serve as an additional reason to deny a motion[.]" Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).

      Amazon has provided sufficient evidence of its diligence in seeking leave to amend the complaint once it learned of Pawar's and Kumar's personal involvement in the tech support scheme. First, Amazon had no reason to seek leave to amend the complaint before the October 2020 deadline expired because the Court had not yet dismissed Pawar and Kumar—that occurred in December 2020. Second, Amazon sought discovery from Pawar and Kumar before their dismissal. Third, Amazon waited only 3 months from the dismissal to note the Rule 30(b)(6) depositions of Quatic after engaging in document discovery and disputing the adequacy of Quatic's responses. (Declaration of Tim Cunningham ¶¶ 3-18 (Dkt. No. 64).) Fourth, Amazon waited only 5 weeks from completion of the depositions to move to amend based on that testimony. (Id. ¶¶ 23-24.) The Court is satisfied that this record demonstrates adequate diligence by Amazon to seek leave to amend the case schedule and file the amended complaint. This record stands at odds with the 15-month delay at issue in a case on which Defendants rely, where the Court found a lack diligence. See WAG Acquisition LLC v. Flying Crocodile, No. C19-1278 BJR, 2021 U.S. Dist. LEXIS 124522, at *16-18 (W.D. Wash. July 2, 2021).)

      In addition to unsuccessfully attacking the record of diligence, Defendants argue that Amazon's Motion should be denied because it only asks for an extension of the joinder deadline

not the amended pleading deadline. This hyper-technical argument has limited appeal. The Court agrees with Defendants that Amazon should have been more specific to argue for an extension to the amended pleading deadline. But Amazon's Motion does ask broadly for an alteration of the case schedule under Rule 16, and it fully briefs the Rule 16(b)(4) standard as applied to the relevant facts and the request to file an amended complaint. (See Mot. at 1, 8.) Amazon's failure to provide robust briefing on the amended pleading deadline is not fatal to its Motion. Nor is the Court convinced that Johnson v. Mammoth supports denial of the Motion, as Defendants argue. In Johnson, the plaintiff failed to ask for any relief under Rule 16 before asking for leave to amend the complaint under Rule 15. Johnson, 975 F.2d at 608. While the Court noted that motions under Rule 15 are not treated as "de facto" motions under Rule 16, the Court nonetheless considered the request under Rule 16. Id. at 608-09. Johnson does not announce the bright line test that Defendants claim it does. The case is also factually distinguishable because Amazon did seek leave under Rule 16 and provided reasoning under Rule 16 sufficient to justify both case deadline extensions. The Court thus rejects Defendants' argument.

**C.      Leave to Amend the Complaint**

The Court also finds that amendment is appropriate under Rule 15(a).

Under Rule 15(a)(2), leave to amend "shall be freely given when justice so requires." "This policy is 'to be applied with extreme liberality.'" Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). The Court should grant leave "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v.

Davis, 371 U.S. 178, 182 (1962). But "[n]ot all factors merit equal weight"—"[p]rejudice is the touchstone of the inquiry under rule 15(a)." Eminence, 316 F.3d at 1052 (citation and quotation omitted). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

All of the Foman factors support amendment.

First, there is no evidence of undue delay, as explained in the Court's Rule 16 analysis, above.

Second, there is no evidence of bad faith. Defendants' make much about Amazon's questioning about Pawar's ownership of a café as evidence of bad faith harassment. While counsel went far afield in the Rule 30(b)(6) deposition by asking personal questions of Pawar, that alone is not evidence that the request to amend the complaint constitutes bad faith.

Third, Defendants fail to show prejudice if amendment is allowed. They argue that the amendment would disadvantage Pawar and Kumar because discovery is over and trial is coming up in December. But under the standard that Defendants themselves quote, their unsupported assertions of prejudice are not adequate. (See Opp. at 8 (quoting Wizards of the Coast LLC v. Cryptozoic Entm't LLC, 309 F.R.D. 645, 652 (W.D. Wash. 2015) ("The non-moving party must do more than merely assert prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the ... amendments been timely." (citation and quotation omitted)).) Kumar and Pawar were initially named in this case, and their company, Quatic, has been a party since its inception. Neither Kumar nor Pawar states what additional evidence that has not already been developed in discovery is necessary for their defense as individual defendants. Nor does Kumar or Pawar state why the provision of additional time for discovery would be inadequate to avoid any broadly-

claimed prejudice. See Wizards, 309 F.R.D. at 652 (noting that the need for additional discovery is not a basis for finding prejudice). The Court finds an absence of prejudice.

Fourth, as to futility, Amazon has the better argument. Based on the allegations in the proposed amended complaint, Amazon appears to have cured the defects in personal jurisdiction as to Pawar and Kumar noted in the Court's initial dismissal order. The amended complaint now alleges details of Pawar's and Kumar's "purposeful direction" to satisfy personal jurisdiction given Pawar's and Kumar's participation in and direction of the alleged scheme and their efforts to target customers in the United States. (See Order of Dismissal at 5-7.) While Pawar and Kumar may still challenge the sufficiency of these allegations, the Court does not find the proposed amendment futile.

Having considered the Foman factors, the Court GRANTS the Motion and allows Amazon to file is proposed First Amended Complaint.

**CONCLUSION**

Amazon has demonstrated good cause to amend the case schedule under Rule 16(b)(4) to amend the pleadings and rejoin Kumar and Pawar. The Court is also satisfied that amendment is appropriate under Rule 15(a). The Court therefore GRANTS the Motion. The Court also rejects Defendants' Motion to Strike, which fails to identify a valid procedural basis for denial. The Court ORDERS Amazon to file its proposed First Amended Complaint within 5 days of entry of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 19, 2021.

Marsha J. Pechman
United States Senior District Judge