UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC, <br><br> Plaintiff, <br><br> v. <br><br> ROBOJAP TECHNOLOGIES LLC, et al., <br><br> Defendants. | CASE NO. C20-694 MJP <br><br> ORDER ON MOTION TO COMPEL |

This matter comes before the Court on Plaintiff's Motion to Compel. (Dkt. No. 71.) Having reviewed the Motion, the Opposition (Dkt. No. 73), the Reply (Dkt. No. 79), and all supporting materials, the Court GRANTS in part and DENIES in part the Motion.

**BACKGROUND**

Plaintiff Amazon.com Inc. pursues trademark-related claims against several defendants who allegedly engaged in a tech support fraud scheme that misled Amazon customers into paying for unnecessary technical assistance. Amazon seeks to compel production of several

categories of documents from Defendant Quatic Solutions Pvt. Ltd. that Amazon claims exist in Quatic's possession or control that have not been produced.

Amazon seeks: (1) Quatic's internal communications related to its use of Amazon's marks from three email accounts linked to two of its directors—Gureen Pawar and Hitesh Kumar Sachdeva; (2) invoices and a contract sent from Quatic to Defendant Robojap Technologies LLC and its owner Defendant Sandeep Singh (or vice versa); (3) Quatic's communications with customers; and (4) the underlying financial data sufficient to calculate Quatic's revenues from the alleged tech support scheme, including Quatic's bank records dating back to 2018 and a customer list.

Amazon claims the documents it seeks are responsive to one interrogatory and the following Requests for Production:

> REQUEST FOR PRODUCTION NO. 11: Produce all communications you have with Robojap Technologies, Smart Home Experts, LLC, Cloud Technologies, LLC, or Northup Technology, LLC, relating to the Amazon Trademarks, Amazon Devices, Domains, Applications, Advertising Activities, or Services.
>
> REQUEST FOR PRODUCTION NO. 16: Produce all agreements or contracts you had with any person relating to the Amazon Trademarks, Amazon Devices, Domains, Applications, Advertising Activities, or Services.
>
> REQUEST FOR PRODUCTION NO. 24: Produce all documents and communications relating to the use of any Amazon Trademark in the Domains or Application names.
>
> REQUEST FOR PRODUCTION NO. 30: Produce contact information for each person who purchased the Services.
>
> REQUEST FOR PRODUCTION NO. 31: Produce all communications you had with any user of the Domains, Applications, or Services.
>
> REQUEST FOR PRODUCTION NO. 32: Produce documents sufficient to show each financial transaction with a person who purchased the Services (such as records from your payment processor).

ORDER ON MOTION TO COMPEL - 2

In support of its Motion, Amazon cites to admissions from Quatic's Rule 30(b)(6) witnesses—Pawar and Kumar—and other subpoenaed materials that suggests the documents it seeks exist but have not been produced. As to the emails, Amazon cites to deposition testimony from Pawar and Kumar suggesting that the productions to date from these accounts has not been complete. Amazon also cites to Pawar and Kumar's deposition testimony suggesting that a contract and invoices exist but have not been produced. Regarding customer communications, Amazon relies on deposition testimony which discussed the ways in which Quatic communicated with clients. And as to the financial data and a customer list, Amazon cites to deposition testimony, discovery produced to date, and Pawar's own declaration describing how he calculated the revenues.

In opposition, Quatic provides factual assertions on seven points, some of which contradict the Rule 30(b)(6) testimony. First, Pawar states that he searched through one of the three email addresses Amazon identifies (gureen@outlook.com) looking for any communications with Defendant Sandeep Singh, owner of Robojap. (Declaration of Gureen Pawar ¶¶ 4-5 (Dkt. No. 74).) He did so to find communications with Robojap as requested in Request No. 11, but he found no emails. (Id.) Pawar does not appear to have searched for anything other than communications with Singh. Second, Kumar states that he has searched for responsive documents for another email address (appleads304@gmail.com) and produced all relevant documents. (Declaration of Hitesh Kumar Sachdeva ¶ 3 (Dkt. No. 75).) Third, as to the last address (quaticsoft@gmail.com) neither Kumar nor Pawar states whether they have searched for and produced any responsive emails. Fourth, as to the requested communications with clients, Pawar states that he has search for but cannot produce transcripts of communications or chats with customers, including on the TAWK platform. (Pawar Decl. ¶ 3.) Fifth, as to the invoices,

1  Pawar now claims that he did not send invoices to Singh, but instead spoke with him on the
2  phone about them. (Pawar Decl. ¶ 6.) Pawar does not say whether he conducted any search for
3  the invoices, though, and admits that he sent invoices to his own bank representative. (Id.) Sixth,
4  Quatic makes no effort to contradict the testimony that Pawar emailed a copy of the contract with
5  Robojap to Singh using one of the relevant email addresses. Seventh, as to the documents used to
6  determine Quatic's revenues, Pawar provides a declaration explaining how he conducted his
7  analysis, which included use of a customer list that he apparently downloaded but has not
8  produced. (Pawar Decl. ¶¶ 8-11.)

## ANALYSIS

### A.   Legal Standard

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," among other considerations. Fed. R. Civ. P. 26(b)(1). Whether discovery is proportional to the needs of the case hinges on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

The parties must also meet and confer prior in an effort to resolve the dispute before seeking assistance of the Court, and so certify. See Local Rule 37(a)(1). The Court is satisfied that the Parties have conferred as required by this Local Rule.

### B.   Further Production

The Parties do not appear to dispute the relevance of the Requests. Instead, Quatic disputes whether further responsive information exists and/or whether any further search or

production is necessary given what has already been produced. The Court has considered the arguments and evidence and makes the following rulings:

**1.      Emails**

The Court agrees in part with Amazon that Quatic must search for and produce responsive communications and documents from two of the three email accounts.

First, the Court finds that Quatic must search for and produce emails from quaticsoft@gmail.com that are responsive to the Requests for Production Nos. 11, 16, 24, and 31. Quatic fails to state what has been done to search this account and it offers no claim to have produced all responsive emails. The Court therefore GRANTS the Motion as to this request and ORDERS Quatic to search for and produce communications and documents from this account responsive to Amazon's Request for Production Nos. 11, 16, 24, and 31.

Second, the Court finds that Quatic must search for and produce further emails from Pawar's email account (gureen@outlook.com) that are responsive to Requests for Production Nos. 24 and 31. While Pawar has produced some communications from this account, he claims only to have searched for communications with Singh. This would find communications with Robojap as requested by Request for Production No. 11. But it does not appear broad enough to search for materials responsive to Requests for Production Nos. 24 and 31. The Court therefore GRANTS the Motion as to this request and ORDERS Quatic to search for and produce communications and documents from this email account responsive to Requests for Production Nos. 24 and 31.

Third, the Court does not find that any further search of the third email account (appleads304@gmail.com) is necessary. Kumar avers that he searched this account and produced

1  all responsive materials. (Kumar Decl. ¶ 3.) Amazon has not demonstrated that any further
2  search is appropriate or necessary. The Court therefore DENIES the Motion as to this request.

3        **2.**    **Invoices and Contract**

4      The Court finds that Quatic must produce a copy of the signed contract with Robojap,
5  which is responsive to Request for Production No. 16. Consistent with the deposition testimony,
6  there does not appear to be a dispute that this document was sent to Robojap and Quatic provides
7  no reason why it should not be produced. The Court GRANTS the Motion as to this request.

8      The Court also finds that Quatic must produce the invoices that Amazon seeks. While
9  Pawar testified that he sent invoices to Robojap, he now disavows that statement. In so doing he
10 admits that he sent the invoices to his banker. Having confirmed the existence of the invoices,
11 Quatic must search for and produce them, as they are responsive to Request for Production No.
12 24. The Court GRANTS the Motion as to this request.

13       **3.**    **Communications with Customers**

14     Amazons' Reply brief appears to retreat somewhat from its initial request for customer
15 communications, apparently in response to Pawar's declaration that communications with
16 customers do not exist. But to extent such documents exist and can be located, the Court finds
17 that they should be produced. Should no such communications exist, Quatic must confirm and
18 certify this fact in writing. On this limited basis the Court GRANTS the Motion as to this
19 request.

20       **4.**    **Supporting Financial Documents**

21     The Court finds that Amazon is entitled to all of the documents and data sufficient to
22 show Quatic's revenues related to the alleged scheme, as sought by Request for Production No.
23 32. Quatic must produce all of the documents and data Pawar used to calculate the revenues, as
24

described by Pawar in his declaration. This includes the customer list data from Callcentric, and any other data and information needed to perform this analysis. The Court therefore GRANTS the Motion as to this request.

The Court also finds that Quatic must produce copies of its bank records dating back to 2018, which appear relevant and responsive to Request for Production No. 32. The Court therefore GRANTS the Motion as to this request.

**C.    Fees and Costs**

Amazon requests the Court impose fees and costs upon Quatic for its failure to provide responses to the discovery at issue in this Motion. While some of Quatic's efforts to produce responsive materials has not been thorough, Quatic has otherwise engaged in good faith in discovery. The mere fact that Quatic must search for and produce responsive documents does not convince the Court that an imposition of fees and costs is appropriate. The Court DENIES Amazon's request for fees.

**CONCLUSION**

The Court GRANTS in part and DENIES in part Amazon's Motion. The Court ORDERS Quatic to search for and produce responsive documents as follows: (1) emails from quaticsoft@gmail.com and gureen@outlook.com; (2) the contract with Robojap and invoices relating to the tech fraud scheme; (3) communications with customers; and (4) the financial data necessary to calculate Quatic's revenues, including the Callcentric customer list and Quatic's bank records from 2018. To the extent that Quatic's good faith efforts do not locate responsive documents, it must state in writing what specific steps were done to perform the searches and then certify that no responsive materials were found. To the extent that responsive materials

exist, Quatic must produce them within 20 days of entry of this Order. The Court will not award fees and costs to Amazon for bringing this Motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 10, 2021.

Marsha J. Pechman
United States Senior District Judge

ORDER ON MOTION TO COMPEL - 8