UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBOJAP TECHNOLOGIES LLC, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C20-694 MJP<br><br>ORDER ON MOTION TO WITHDRAW AND MOTION TO AMEND |

This matter comes before the Court on Defendants' Unopposed Motion to Withdraw (Dkt. No. 84) and the Stipulated Motion to Amend the Case Schedule (Dkt. No. 85). Having reviewed both Motions, the Court rules as follows:

First, the Court GRANTS the Motion to Withdraw. Defendants' existing counsel properly substituted counsel for Defendants Robojap Technologies LLC and Sandeep Singh. See Local Rule 83.2(b). And Defendants' existing counsel has complied with Local Rule 83.2(b) with regard to its request to withdraw as counsel for Quatic Software Solutions Pvt. Ltd., Gureen Pawar, and Hitesh Kumar Sachdeva. Existing counsel avers that it informed Quatic that it must

ORDER ON MOTION TO WITHDRAW AND MOTION TO AMEND - 1

obtain counsel or risk entry of default against it, per Local Rule 83.2(b)(4), and that these defendants are seeking new counsel. While the Court is concerned that the withdrawal could leave Quatic without counsel, the Court GRANTS Quatic leave of 14 days to obtain new counsel. The Court warns Quatic that its failure to obtain new counsel may result in entry of default against it. This rule does not, however, apply to Kumar and Pawar, who may proceed pro se if they do not obtain new counsel.

Second, the Court DENIES the Motion to Amend the Case schedule. Citing their new appearance in this matter and an "emergency surgery" of one of Robojap's and Singh's new attorneys that will preclude her from working until September 13, 2021, the Parties request a 30 extension to all but the trial date. This request is flawed for several reasons. First, one attorney's inability to work for the next three days does not demonstrate good cause to extend the entire case schedule by 30 days. At least one other attorney from the same office has appeared in this matter and should be capable of handling this matter for the brief period where the other attorney is unavailable. Even if the unavailability justified an extension, the Parties' requested 30-day extension is overly broad. Second, when new counsel took over representation of Robojap and Singh they should have been aware of the existing case schedule before they agreed to accept representation. The mere fact new counsel has begun representation does not merit extending all of the case deadlines. Third, because the Parties do not seek a new trial date, the 30-day extension would make many of the proposed new case deadlines fall <u>after</u> the current trial date of December 6, 2021. This highlights the impracticality of the extension. (<u>See</u> Dkt. No. 46.) The Court therefore DENIES the Motion and the current schedule remains in place.

\\

\\

1 | The clerk is ordered to provide copies of this order to all counsel.

2 | Dated September 10, 2021.

*[signature]*

Marsha J. Pechman
United States Senior District Judge