# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC, | CASE NO. C20-694 MJP |
| Plaintiff, | MINUTE ORDER |
| v. | |
| ROBOJAP TECHNOLOGIES LLC, et al., | |
| Defendants. | |

The following minute order is made by the direction of the court, the Honorable Marsha J. Pechman, United States District Judge:

As discussed at the status conference held by the Court on October 4, 2021, Plaintiff Amazon.com Inc, Defendant Sandeep Singh, and Defendant Robojap Technologies LLC must file a notice of settlement by no later than Friday, October 8, 2021. If they are unable to reach a settlement, those parties must meet and confer and propose a new dispositive motion deadline and trial date. As the Court warned, it is unlikely that a trial date of December 6, 2021 can be maintained given the limited amount of time left for the Court to decide any future-filed

MINUTE ORDER - 1

summary judgment motion. As further discussed at the status conference, Amazon must file its motion for default judgment against Quatic Software Solutions Pvt. Ltd. by no later than October 18, 2021.

Having reviewed Amazon's Motion for Alternative Service (Dkt. No. 97), the Court ORDERS Amazon to provide further briefing and legal support as to whether service by email is prohibited by any international agreement binding India. See Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002). Amazon argues that service of process via email is not prohibited under the Hague Convention, but then states that "India has objected to the alternative forms of service permitted under Article 10 of the Hague Convention." (Mot. at 4.) Amazon has failed to provide the Court with a citation to India's objections and the specific terms of the Hague Convention that may bind India on this issue. Without this information, the Court cannot assess whether the Hague Convention as signed by India prohibits alternative service. The Court also notes that none of the cases cited on this issue are precedential—they are merely unpublished district court opinions. (Id.) Nor has Amazon stated whether there are any other international agreements binding India that might prohibit alternative service by email. Amazon must provide this briefing, which shall not exceed 3 pages, by no later than October 8, 2021. Failure to do so may result in denial of the Motion.

The clerk is ordered to provide copies of this order to all counsel.

Filed October 4, 2021.

Ravi Subramanian
Clerk of Court

s/Serge Bodnarchuk
Deputy Clerk