UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC, | CASE NO. C20-694 MJP |
| Plaintiff, | ORDER DENYING MOTION FOR AUTHORIZATION FOR ALTERNATIVE SERVICE |
| v. | |
| ROBOJAP TECHNOLOGIES LLC, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motion for Authorization for Alternative Service of Process. (Dkt. No. 97.) Having reviewed the Motion, Supplemental Briefing (Dkt. No. 103), and all supporting materials, the Court DENIES the Motion.

**BACKGROUND**

Plaintiff Amazon.com Inc. asks the Court for leave to effectuate service on two defendants that it has named in its amended complaint—Hitesh Kumar Sachdeva and Gureen Pawar. (Dkt. No. 97.) Both individuals were named in Amazon's initial complaint for their roles as directors of defendant Quatic Software Solutions Pvt. Ltd. (Dkt. No. 1.) But the Court

1  dismissed the claims against Pawar and Kumar, finding that the Court lacked personal
2  jurisdiction over these two residents of India. (Dkt. No. 52.) Their company, Quatic, remained in
3  the case. Amazon then sought and obtained leave of Court to name both Pawar and Kumar as
4  defendants based on the information it learned through discovery, particular from depositions of
5  Pawar and Kumar as Rule 30(b)(6) representatives of Quatic. (Dkt. No. 77.) Because Pawar and
6  Kumar are citizens of and reside in India, Amazon must effectuate service abroad. (Dkt. No. 97.)
7  Amazon now asks the Court to allow it to serve both Kumar and Pawar via email, using email
8  addresses that each defendant confirmed is his during their deposition. (See Exhibits A and B to
9  the Declaration of Melina Garcia (Dkt. No. 98).)
10       Amazon claims that it has "diligently moved to serve" Kumar and Pawar since the Court
11  granted it leave to amend. This overstates the record somewhat, as Amazon waited over a month
12  to initiate international service of process under the Hague Convention.
13       Amazon also notes that it took over a year to complete service of process under the
14  Hague Convention the first time it engaged in the process. (Dkt. No. 97 at 3; Garcia Decl. ¶ 5.)
15  But during a status conference on October 4, 2021, counsel for Amazon stated that it had
16  successfully served other individuals in India in other matters in more rapid fashion.

### ANALYSIS

18       Amazon asks the Court for permission under Fed. R. Civ. P. 4(f)(3) to effectuate service
19  by "registered electronic mail." (Dkt. No. 97 at 1.) For the reasons set forth below, the Court
20  DENIES the request.
21       Although Amazon's Motion focuses almost exclusively on Rule 4(f)(3), the Court must
22  consider the propriety of service be email under all of the provisions of Rule 4(f). See Rio Props.,
23  Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1014 & n.5 (9th Cir. 2002) (noting that while there is
24

no hierarchy among the subsections of Rule 4(f), the court cannot authorize service under Rule 4(f)(3) if doing so violates Rule 4(f)(1)). Rule 4(f) provides the rules for service on an individual in a foreign country. The Rule states in relevant part that "[u]nless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; . . . [or] (3) by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f). Rule 4(f)(1) implements the Hague Convention while Rule 4(f)(3) "serves as a safety valve for unanticipated situations," including when an exception to the Convention applies. See 4B Charles A. Wright, Arthur R. Miller & Adam N. Steinman, Federal Practice and Procedure § 1133 (4th ed. April 2020 update).

      The Hague Convention is a multilateral treaty whose purpose is "to simplify, standardize, and generally improve the process of serving documents abroad." Water Splash, Inc. v. Menon, 137 S. Ct. 1504, 1507 (2017). It applies here because both India and the United States are signatories, and as a ratified treaty of the United States, it is the "'supreme law of the land.'" Ackermann v. Levine, 788 F.2d 830, 838 (2d Cir. 1986) (quoting U.S. Const. Art. VI, cl. 2). By its plain terms, the Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Convention Done at the Hague Nov. 15, 1965, art. I, T.I.A.S. No. 6638 (Feb. 10, 1969) ("Convention"). The Supreme Court recognizes that "this language is mandatory." Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988). The Court has also concluded that "the Hague Service Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies." Water Splash, 137 S. Ct. at 1507 (quoting

Schlunk, 486 U.S. at 699). When the Convention applies, the service methods it lists are exclusive and those not delineated are impermissible. See Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co., 480 F. Supp. 3d 977, 983 (N.D. Cal. 2020) ("[U]nless an exception applies, the Convention-delineated methods of service . . . are exclusive."). Amazon concedes that "the Hague Convention provides the exclusive means by which Amazon can serve the Defendants via an international agreement." (Supplemental Brief at 2.)

The Hague Convention does not expressly permit service by email. This is hardly surprising given the Convention was drafted in the 1960s before the widespread use of email. The Convention does provide for alternative means of service, including "send[ing] judicial documents, by postal channels, directly to persons abroad." Convention, art. 10. One might argue that service by "postal channels" encompasses email. Amazon does not make this argument, but even if that were the case, Article 10 would not authorize email service because India expressly rejected its adoption. See HCCH, Status Table (June 17, 2021) available at https://www.hcch.net/en/states/authorities/notifications/?csid=984&disp=resdn (last visited October 20, 2021). Given the absence of language permitting email service and India's rejection of alternative service under Article 10, the Court concludes that the Convention and Rule 4(f)(1) do not permit email service.

The question remains whether the Court can nevertheless authorize email service per Rule 4(f)(3). Rule 4(f)(3) allows for email service provided that it is "(1) directed by the court; and (2) not prohibited by international agreement." Rio, 284 F.3d at 1014. Amazon argues that because the Hague Convention says nothing express about email service and India only objected to service by postal channels, the Convention does not prohibit service by email. (Supp. Brief at 2-3.) This argument gets things backwards. Compliance with the Convention is mandatory when

1 | it applies and it provides the exclusive means of performing service abroad, preempting all other

2 | forms of service. See Water Splash, 137 S. Ct. at 1507; Schlunk, 486 U.S. at 705; Rule 4

3 | Advisory Committee Notes, subdivision (f)(1) ("Use of the Convention procedures, when

4 | available, is mandatory if documents must be transmitted abroad to effect service."). If a form of

5 | service is not expressly permitted by the Convention, then it is otherwise impermissible and

6 | prohibited. See Facebook, 480 F. Supp. 3d at 983 ("The Convention . . . doesn't simply offer

7 | options for service abroad—. . . [r]ather, unless an exception applies, the Convention-delineated

8 | methods of service . . . are exclusive). To conclude otherwise would mean that the Hague

9 | Convention's forms of service are not exclusive, contrary to the Supreme Court's clear

10 | pronouncement on this subject. See id. This also undermines Amazon's argument that the Court

11 | should read something into India's failure to object to email service when it rejected Article 10's

12 | provisions for service by postal channels. Because the Convention does not expressly permit

13 | email service, India had no reason or need to affirmatively reject it for it to be considered

14 | prohibited. See id. at 984. India's silence on email is not dispositive or relevant. The Court

15 | concludes that allowing Amazon to perform service by email would contravene the Convention,

16 | which is impermissible under Rule 4(f)(3). See Rio, 284 F.3d at 1015 n.4.

17 |     The Court is aware that in the absence of binding authority other district courts have

18 | concluded that the Convention does not prohibit email service. (See Supp. Brief at 3-4 (citing

19 | Amazon.com Inc. v. Sirowl Tech., No. C20-1217 RSL-JRC, 2020 WL 7122846, at *3 (W.D.

20 | Wash. Dec. 4, 2020); Will Co. v. Kam Keung Fung, No. C20-5666 RSL, 2020 WL 6709712, at

21 | *2 (W.D. Wash. Nov. 16, 2020); In re LDK Solar Sec. Litig., No. C07–05182 WHA, 2008 WL

22 | 2415186, at *3 (N.D. Cal. June 12, 2008); Williams–Sonoma Inc. v. Friendfinder Inc., No. C06–

23 | 06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr.17, 2007); Shinde v. Nithyananda Found.,

24 |

| | |
|---|---|
| 1 | No. EDCV1300363-JGB-SPX, 2014 WL 12597121, at *6–7 (C.D. Cal. Aug. 25, 2014); F.T.C. |
| 2 | v. Pecon Software, Ltd., No. 12 Civ. 7186, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013); |
| 3 | DisputeSuite.com, LLC v. Credit Umbrella Inc., No. CV146340, 2015 WL 12911757, at *4 |
| 4 | (C.D. Cal. June 2, 2015)).) These decisions fail to convince the Court that email service would |
| 5 | be proper on residents of India. These decisions generally consider only the broad language in |
| 6 | Rio about Rule 4(f)(3) without any analysis of the structure and nature of the Hague Convention. |
| 7 | As the Ninth Circuit expressly pointed out in Rio, its decision did not resolve the question of |
| 8 | whether email service is permitted under Rule 4(f)(3) when the Hague Convention also applies. |
| 9 | See Rio, 284 F.3d at 1015 n.4. Yet many of the decisions Amazon cites to rely on Rio as having |
| 10 | somehow decided this issue. This renders them unpersuasive. Similarly, these decisions fail to |
| 11 | acknowledge or reconcile their determinations with the Supreme Court's explanation that when |
| 12 | the Convention applies, it provides the exclusive and limited methods of completing |
| 13 | international service. See Water Splash, 137 S. Ct. at 1507; Schlunk, 486 U.S. at 705. This is |
| 14 | another reason the Court finds them to be unpersuasive. While the Court recognizes this creates a |
| 15 | split of opinion, it finds more persuasive the analysis of those decisions declining to allow for |
| 16 | email service when faced with similar facts. See, e.g., Facebook, 480 F. Supp. 3d at 983; Media |
| 17 | Trademark & Licensing Ltd. v. COINGEEKLTD.COM, No. CV-21-00214-PHX-DWL, 2021 |
| 18 | WL 2895289, at *4 (D. Ariz. July 9, 2021); Magma Holding, Inc. v. Ka Tat Au-Yeung, No. |
| 19 | 220CV00406RFBBNW, 2020 WL 5877821, at *4 (D. Nev. Oct. 2, 2020); Prem Sales, LLC v. |
| 20 | Guangdong Chigo Heating & Ventilation Equip. Co., 494 F. Supp. 3d 404, 417 (N.D. Tex. |
| 21 | 2020). |
| 22 | |
| 23 | |
| 24 | |

Having considered the full breadth of Rule 4(f), the Court finds that service by email is improper on Pawar and Kumar under both Rule 4(f)(1) and 4(f)(3). The Court therefore DENIES the Motion.

## CONCLUSION

Amazon has failed to convince the Court that service via email is proper under Rule 4(f) or the Hague Convention. By its terms and structure, the Hague Convention prohibits email service on residents of India and the Court cannot allow for email service under Rule 4(f)(3). The Court DENIES Amazon's Motion. Amazon must continue to pursue service of process in compliance with the Hague Convention that it has already commenced

The clerk is ordered to provide copies of this order to all counsel.

Dated October 20, 2021.

Marsha J. Pechman
United States Senior District Judge