UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC, <br><br> Plaintiff, <br><br> v. <br><br> ROBOJAP TECHNOLOGIES LLC, et al., <br><br> Defendants. | CASE NO. C20-694 MJP <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MOTION FOR LEAVE TO FILE AN OVERLENGTH MOTION |

This matter comes before the Court on Plaintiff Amazon.com Inc.'s Motion for Leave to File an Overlength Motion (Dkt. No. 104) and Motion for Default Judgment (Dkt. No. 105). Having reviewed the Motions, all supporting materials, and the relevant portions of the record, the Court GRANTS the Motions and ENTERS DEFAULT JUDGMENT against Defendant Quatic Software Solutions Pvt. Ltd. and ENTERS a PERMANENT INJUNCTION against Quatic on the terms set forth in this Order.

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MOTION FOR LEAVE TO FILE AN OVERLENGTH MOTION - 1

## BACKGROUND

Amazon brings Lanham Act claims for trademark infringement, trademark dilution, false designation of origin, and cybersquatting against Quatic Software Solutions Pvt. Ltd. Amazon alleges that Quatic misused Amazon's trademarks through advertising, websites, and "apps" that deceived Amazon customers into paying for unnecessary and deceptive tech support for various Amazon products. (First Amended Complaint ¶¶ 29, 31, 39, 40-72.) Located in India, Quatic worked with Robojap Technologies LLC, a Washington company, to perpetrate the scheme. (See id. ¶¶ 32-37.) Quatic provided the infrastructure, including the websites and a call center, while Robojap provided the necessary means to collect funds from American customers. (Id.) As Amazon alleges, Quatic created and led the scheme which ultimately netted it nearly $1.8 million in profit. (See id. ¶ 63; Declaration of Melina Garcia Decl. ¶¶ 9-11 and Exs. AC & AD (Dkt. No. 106).)

Amazon's motion for default judgment comes at an unusual point in the case. Initially, Quatic fought the claims asserted against it and retained local counsel who represented all of the defendants. But before the dispositive motion deadline, counsel sought to withdraw from representation. (Dkt. Nos. 59, 83.) The Court granted the withdrawal which left Quatic without representation. (Dkt. No. 87.) The Court warned Quatic that its failure to obtain new counsel would likely lead to entry of default consistent with Local Rule 83.2(b)(4). (Id.) But Quatic did not retain new counsel and Amazon obtained an order of default against it. (Dkt. No. 100.) Amazon now seeks default judgment against Quatic as to five of the seven trademarks at issue. (Motion for Default Judgment ("Mot.") at 1, 3.) Amazon asks for $5 million in statutory damages for the willful infringement on its five trademarks, and an additional $50,000 for cybersquatting. Amazon also asks for a permanent injunction against Quatic. (Id. at 37-40.)

# ANALYSIS

**A.      Legal Standard**

After entry of default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b). This determination is discretionary. See <u>Alan Neuman Prods., Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th Cir. 1988). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material *1472 facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In performing this analysis, "the general rule is that well-pled allegations in the complaint regarding liability are deemed true." <u>Fair Hous. of Marin v. Combs</u>, 285 F.3d 899, 906 (9th Cir. 2002) (quotation and citation omitted). And "[t]he district court is not required to make detailed findings of fact." <u>Id.</u>

**B.      Jurisdiction**

Before entering default judgment, the Court must assure itself that it has subject matter jurisdiction.

There is little doubt that the Court has original jurisdiction over Amazon's claims. Amazon brings claims under the Lanham Act, 15 U.S.C. § 1121, which fall within the Court's original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

The Court also finds that it has personal jurisdiction over Quatic. Quatic accepted service of the original Complaint and appeared in this case without any objection. This is sufficient to satisfy personal jurisdiction because "[a] general appearance or responsive pleading by a

defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), amended, 807 F.2d 1514 (9th Cir. 1987). Additionally, the Court has personal jurisdiction over Quatic consistent with Rule 4(k)(2), the federal long-arm statute for federal claims against foreign nationals. Under Rule 4(k)(2), a court may exercise jurisdiction when three requirements are met: (1) the claim against the defendant arises under federal law; (2) the defendant is not be subject to the personal jurisdiction of any state court of general jurisdiction; and (3) the court's exercise of personal jurisdiction comports with due process. See Holland Am. Line Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 461 (9th Cir. 2007). Here, Quatic faces federal claims, while not being subject to personal jurisdiction in any state court of general jurisdiction. And the exercise of personal jurisdiction satisfies due process because Quatic has minimum contacts with the United States as evidenced by the contract it entered into with Robojap, a Washington company. See Holland, 485 F.3d at 462; Pebble Peach Co. v. Caddy, 453 F.3d 1151, 1159 (9th Cir. 2006).

C.  **Eitel Factors Favor Default Judgment**

The Court finds that the seven Eitel factors weigh in favor of entry of default judgment in Amazon's favor.

    1.  **Factor One: Prejudice to Plaintiff**

Without entry of default judgment Amazon will be prejudiced. Amazon has litigated its claims against Quatic and was preparing for trial in December 2021. Given the withdrawal of Quatic's counsel, Quatic's failure to retain new counsel, and Quatic's apparent intent not to participate in this case, Amazon cannot present its claims for a final determination to the finder of fact. Amazon thus faces prejudice by not being able to obtain any relief on its claims against Quatic without a default judgment.

### 2. Factors Two and Three: Merits of Plaintiff's Claims and Sufficiency of Complaint

Amazon has demonstrated the merit of its claims and the sufficiency of its pleaded allegations against Quatic. The discovery documentation presented to the Court and the well-pleaded allegations in the original and amended complaint confirm that there is merit to Plaintiff's claims that Quatic violated the Lanham Act. First, Amazon has provided well-pleaded allegations and evidence that Quatic infringed on five of its registered trademarks and that Quatic's use of them was deceptive and caused actual consumer confusion. See Reno Air Racing Ass'n v. McCord, 452 F.3d 1166, 1134 (9th Cir. 2006). Second, Amazon has demonstrated the merits of its well-pleaded allegations of false designation of origin and false advertising by showing that Quatic's misleading and deceptive use of Amazon's five marks were likely to and did cause confusion to consumers. See Freecycle Network, Inc. v. Oey, 505 F.3d 898, 902-04 (9th Cir. 2007). Third, Amazon has demonstrated that consistent with its well-pleaded allegations, Quatic engaged in cybersquatting by registering a domain—www.echoalexaskill.com—that willfully and misleadingly misused an Amazon mark. See DSPT Int'l, Inc. v. Nahum, 624 F.3d 1213, 1218–19 (9th Cir. 2010); (see also Mot. at 29-30). This favors entry of default judgment in Amazon's favor.

### 3. Factor Four: Sum of Money at Stake

The size of the requested amount of the default judgment Amazon seeks gives the Court some pause. Amazon seeks $5,050,000 in statutory damages, which is a large award. See Mot. at 30-31 (citing cases). But given the availability of statutory damages exceeding $10 million, the amount of profit Quatic realized through its scheme, and the evidence of Quatic's willful misconduct, the Court finds that the amount requested does not disfavor entry of default judgment.

**4.    Factor Five: Possibility of Dispute of Material Facts**

The Court finds little likelihood of a dispute of material fact to remain. Consistent with Ninth Circuit law, the Court deems the well-pleaded claims to be true. Fair Housing, 285 F.3d at 906. And the evidence Amazon presents through its investigation and discovery provide additional support to the allegations in the Complaint and Amended Complaint that Quatic engaged in conduct that violated the Lanham Act. This factor weighs in favor of entry of default judgment.

**5.    Factor Six: Whether Default is Due to Excusable Neglect**

The Court finds that the default was not entered due to excusable neglect. Quatic previously retained counsel to represent it. The Court gave Quatic express notice that it needed to retain new counsel or face default. Quatic did not oppose withdrawal of its counsel and has not taken any steps to ask for more time to retain new counsel or to retain new counsel. There is no evidence that Quatic's failure to oppose default is due to excusable neglect.

**6.    Factor Seven; Strong Policy in Favor of Decision on the Merits**

The Court maintains a strong policy preference in favor of resolution of Amazon's claims on the merits. But Quatic's decision to abandon its appearance in this case before summary judgment motions were filed and trial potentially commenced vitiates against this policy. This factor weighs in favor of entry of default judgment.

*    *    *

Having considered and balanced the Eitel factors, the Court finds that entry of default judgment is proper.

**D.     Damages**

Amazon seeks $1 million for the willful infringement of each of the five marks at issue, which is half of what is authorized by statute. See 15 U.S.C. § 1117(c). Amazon seeks damages as follows:

a. $1,000,000.00 for willful infringement of the Amazon smiling arrow logo mark.[1]  15 U.S.C. § 1117(c).

b. $1,000,000.00 for willful infringement of the AMAZON mark.[2] 15 U.S.C. § 1117(c).

c. $1,000,000.00 for willful infringement of the ALEXA mark.[3] 15 U.S.C. § 1117(c).

d. $1,000,000.00 for willful infringement of the ECHO mark.[4] 15 U.S.C. § 1117(c).

e. $1,000,000.00 for willful infringement of the Blue talk Bubble - Alexa mark.[5] 15 U.S.C. § 1117(c).

f. $50,000.00 for cybersquatting in connection with the domain name www.echoalexaskill.com.  15 U.S.C. § 1117(d).

The Court finds the amount requested for each violation of the Lanham Act appropriate given the allegations and evidence of Quatic's willful, deliberate, and misleading acts and the amount of profit it obtained through its scheme. The Court therefore grants the request for $5

---

[1] Registration Nos. 4,171,965 (Int. Cl. 9); 5,038,752 (Int. Cl. 25).
[2] Registration Nos. 2,657,226 (Int. Cl. 42); 2,738,837 (Int. Cl. 38); 2,738,838 (Int. Cl. 39); 2,832,943 (Int. Cl. 35); 2,857,590 (Int. Cl. 9); 3,868,195 (Int. Cl. 45); 4,171,964 (Int. Cl. 9); 4,533,716 (Int. Cl. 2); 4,656,529 (Int. Cl. 18); 4,907,371 (Int. Cls. 35, 41, 42); 5,102,687 (Int. Cl. 18); 5,281,455 (Int. Cl. 36).
[3] Registration Nos. 5,563,417 (Int. Cls. 9, 35, 36, 39, 41, 42, 43, 44, 45); 5,880,382 (Int. Cls. 9, 37, 41, 42); 2,181,470 (Int. Cl. 42); 2,189,928 (Int. Cl. 9).
[4] Registration Nos. 5,470,187 (Int. Cls. 9, 42); 5,469,992 (Int. Cls. 9, 38, 41, 42).
[5] Registration Nos. 5,413,055 (Int. Cls. 35, 36, 39, 41, 43, 44, 45); 5,682,947 (Int. Cls. 9, 42).

million in statutory damages for the trademark infringement as to the five marks. This award will serve both compensatory and punitive purposes. See Dream Games of Ariz. v. PC Onsite, 561 F.3d 983, 992 (9th Cir. 2009). The Court also grants the request for $50,000 in statutory damages for the cybersquatting violation of 15 U.S.C. § 1125(d), which is reasonable in light of the available statutory damages and the willfulness of Quatic's behavior. The Court therefore GRANTS the Motion and AWARDS Amazon $5,050,000 in total damages against Quatic.

**E.     Injunctive Relief**

The Court finds it appropriate to enter a permanent injunction against Quatic.

A plaintiff seeking permanent injunctive relief must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

The Court finds that all four eBay factors favor entry of a permanent injunction. First, Quatic's misuse of Amazon's trademarks has caused irreparable harm. Under 15 U.S.C. § 1116(a), Amazon is entitled to a rebuttable presumption of irreparable harm given Quatic's trademark infringement. And Quatic's misuse of Amazon's trademarks has harmed Amazon's goodwill by misleading consumers into believing that Amazon's trademarks were associated with a fraudulent and deceptive tech support scheme. Second, Amazon has convinced the Court that monetary damages alone will not prevent Quatic from engaging in further abusive conduct. Given Quatic's decision not to continue to appear in this case, there can be no assurances that Quatic will no longer engage in the conduct at issue in this case. This satisfies the Court that

monetary damages alone are insufficient. Third, the equities favor Amazon, who merely seeks to enjoin Quatic from engaging in illegal conduct that benefits only Quatic. This favors Amazon and the requested injunction. Fourth, an injunction prohibiting Quatic from engaging in further conduct that misleads and defrauds consumers will serve the public interest. The Court GRANTS the Motion and ENTERS the following PERMANENT INJUNCTION which ENJOINS and RESTRAINS Quatic from:

(i) Using counterfeit versions of any trademarks registered by Amazon as of this injunction's entry date with any advertising, marketing, offer for sale, promotion, display, publication, website, voicemail, email, or software;

(ii) Using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public or individuals erroneously to believe that any website, social media page, voicemail, email, advertising, or other marketing material has been produced, distributed, displayed, licensed, sponsored, approved or authorized by or for Amazon, when such is not true in fact;

(iii) Engaging in any other activity constituting an infringement or dilution of any trademarks registered by Amazon;

(iv) Engaging in any activity that defrauds individuals into paying money for Amazon services;

(v) Registering or using any website domain names or application names that involve trademarks registered by Amazon; and

(vi) Knowingly and materially assisting any other person or business entity in engaging in or performing any of the activities listed above.

1   The Court shall retain jurisdiction over this case as to Quatic for the purpose of enforcing
2   this order and injunction.

3   **F.     Motion for Additional Pages**

4   Amazon has requested leave to file an overlength motion for default judgment of 40
5   pages. The Court reluctantly GRANTS this Motion. By the Local Rules, motions for default
6   judgment shall not exceed 6 pages. Amazon provided little to no reasoning why it required 40
7   pages to present its motion, particularly where dispositive motions are subject to a 24-page limit.
8   But rather than deny both motions and require Amazon to revise and refile its unnecessarily
9   overlength motion for default judgment, the Court accepts it as filed. Further requests for
10  overlength filings by any party in this matter are highly discouraged and unlikely to be granted.

## CONCLUSION

12  The Court finds it appropriate to enter default judgment in Amazon's favor against
13  Quatic and to enter a permanent injunction against Quatic. The Court therefore GRANTS the
14  Motion for Default Judgment and ENTERS DEFAULT JUDGMENT against Quatic in
15  Amazon's favor and AWARDS $5,050,000 in statutory damages. The Court GRANTS the
16  Motion for Default Judgment and ENTERS a PERMANENT INJUNCTION against Quatic on
17  the terms set forth above. The Court also GRANTS the Motion to File the Overlength Motion.
18  Amazon's counsel is hereby directed to serve a copy of this order and injunction on
19  Quatic Software. And the clerk is ordered to provide copies of this order to all counsel.
20  Dated November 10, 2021.

Marsha J. Pechman
United States Senior District Judge